UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**AMTAX HOLDINGS 303, LLC**                                        **CIVIL ACTION**

**VERSUS**                                                                         **NO: 06-2499**

**PHASE I MANAGEMENT, LLC**                                   **SECTION: "T" (4)**

## ORDER AND REASONS

Before the Court is a Motion to Dismiss pursuant to FRCP 12(b)(6) filed by Third-Party Defendant, Grantham Poole. Rec. Doc. 93. Third-Party Plaintiffs filed an Opposition. Rec. Doc. 98. The Motion came for hearing without oral argument on October 17, 2007, and was submitted on the briefs. The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

**I.    BACKGROUND**

This action arises out of the development and construction of a residential housing subdivision in Waggaman, Louisiana. Plaintiffs, AMTAX Holdings 303, LLC and AMTAX Holdings 430, LLC are companies which contributed capital to the subdivision project and were limited partners in the two (2) partnerships constructing the project. Defendants, Phase I Management, LLC, (hereinafter, "Phase I") and Phase II Management, LLC, (hereinafter, "Phase II") were the managing general partners of the partnerships. The Original Complaint alleges that these Defendants breached the Partnership Agreements and fiduciary duties owed to the Plaintiffs.

Defendants filed a Third-Party Demand against the Grantham Poole Firm, (hereinafter, "Poole Firm") the certified public account firm allegedly tasked with monitoring the project. The allegations are that the Poole Firm: (1) failed to keep the AMTAX entities informed of problems with the project; (2) failed to prepare and forward information to Phase I and II necessary to make

payments to subcontractors; (3) failed to assist Phase I and II in properly budgeting the project, administering the project, curing defaults, insuring the project and controlling the use of partnership funds; and (4) failed to audit the project.  Rec. Doc. 51.

The Poole Firm filed the instant Motion to Dismiss arguing that the action against it is premature because Defendants, prior to bringing the Third-Party Demand against it, failed to submit their claims to a certified public accountant review panel as required by LSA-R.S. 37:101, *et seq*.  Rec. Doc. 93 at p. 3.  As such, the Poole Firm request that this action be dismissed.

Third-Party Plaintiffs' Opposition does not dispute that they have failed to submit the claims against the Poole Firm to the appropriate review panel and further does not dispute that such action is necessary before the claims raised against the Poole Firm can be made.  However, Third-Party Plaintiffs request that the Court stay the Third-Party Action rather than dismiss pending a decision by the accountant review panel.  Rec. Doc. 98.  The basis for the stay is that Third-Party Plaintiffs would not have enough time to initiate and complete the review panel process and then add the Poole Firm back to the suit prior to the amendment deadlines set forth in the Court's original Scheduling Order.

**II.    LAW AND ANALYSIS**

LSA-R.S. 37:102(A) provides, in pertinent part:

> A. All claims against certified public accountants or firms, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by a public accountant review panel established pursuant to R.S. 37:109.[1]

LSA-R.S. 37:105 provides, in pertinent part:

---

[1] LSA-R.S. 37:109 provides the procedures under which the review panel will proceed.

2

> § 105 Actions against certified public accountants; review panel required; suspension of prescription
>
> A. Except as provided in this Part, **no action** against a certified public accountant or firm or his insurer may be commenced **in any court before the claimant's request for review has been presented to a public accountant review panel established pursuant to this Part and the panel has issued a written opinion. Compliance with the requirements of this Part is not to be deemed optional**. (Emphasis added)

Under Louisiana law, the proper mechanism to raise a violation of the panel requirement is by a dilatory exception of prematurity. *See Saia v. Asher*, 2001 1038 (La.App. 1 Cir. 7/10/02), 825 So.2d 1257. Here, the parties agree that the Third-Party Plaintiffs should have raised the issues they have with the Poole Firm's alleged accounting practices with the accounting review panel prior to the time they raised the claims herein. That action was not taken and therefore, the Third-Party Claim is Premature. Accordingly, the Court **GRANTS** Third-Party Defendant's Motion to Dismiss as Premature and dismisses the Grantham Poole Firm without prejudice. Third-Party Plaintiffs' argument that it will not be able to meet scheduling deadlines is mooted by the Court's entering a new Scheduling Order with a new September 2008 trial date.

Accordingly and for the reasons stated herein,

**IT IS ORDERED** that the Third-Party Defendant's Motion to Dismiss (Rec. Doc. 93) is **GRANTED** and Grantham Poole is dismissed without prejudice.

New Orleans, Louisiana, this 20th day of March, 2008.

_____
**G. THOMAS PORTEOUS, JR.
UNITED STATES DISTRICT JUDGE**