# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AMTAX HOLDINGS 303, LLC ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 06-2499** |
| **PHASE I MANAGEMENT, L.L.C. ET AL.** | **SECTION I** |

## ORDER AND REASONS

Before the Court is a motion[1] filed by Victor Loraso ("Loraso") to enforce the settlement agreement.[2] The Court referred such motion to U.S. Magistrate Judge Karen Roby,[3] who conducted a hearing[4] and issued a report and recommendation that the motion be denied.[5] Loraso timely filed an objection to the U.S. Magistrate Judge's report and recommendation, which was opposed by Gozone, L.L.C. ("Gozone"), MAC-RE, L.L.C. ("MAC-RE"), Lymac, L.L.C. ("Lymac"), and Murray A. Calhoun ("Calhoun"), who are the targets of Loraso's motion.[6]

This Court reviews the U.S. Magistrate Judge's report and recommendation *de novo*. 28 U.S.C. § 636(b)(1)(B)-(C). Having considered the briefs of the parties, the record, and the law, as well as Loraso's objection, which is **OVERRULED**, the Court adopts the report and recommendation. The Court writes separately only to make explicit a finding that was implicitly made by U.S. Magistrate Judge Roby: that this Court has jurisdiction over the motion.

Gozone, MAC-RE, Lyman, and Calhoun (collectively, "Defendants") note that they "asserted a variety of challenges . . . to this Court's subject matter jurisdiction" in their briefing

---

[1] R. Doc. No. 154.
[2] *See* R. Doc. No. 147.
[3] R. Doc. No. 161.
[4] R. Doc. No. 170.
[5] R. Doc. No. 172.
[6] R. Doc. No. 174.

before the U.S. Magistrate Judge.[7] U.S. Magistrate Judge Roby implicitly found that the Court retained subject matter jurisdiction to hear the motion, but she did not explicitly analyze the issue.[8] On September 23, 2014, this Court ordered the parties to file supplemental briefing regarding the jurisdictional issues.[9] Loraso asserts that this Court retained subject matter jurisdiction to enforce the settlement agreement,[10] but Defendants assert that any retention of jurisdiction has expired or, alternatively, that this Court should exercise its discretion to decline jurisdiction.[11]

In *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994), the U.S. Supreme Court "specified two ways in which a court may make a settlement agreement part of its dismissal order: 'either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order.'" *Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 430 (5th Cir. 2002) (quoting *Kokkonen*, 511 U.S. at 380-81); *see also SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 461-62 (5th Cir. 2010).

The Court's September 16, 2008 order of dismissal stated "that the action be and it is hereby dismissed without prejudice to the right, upon good cause shown, to reopen the action or to seek summary judgment enforcing the compromise if settlement is not consummated within a

---

[7] R. Doc. No. 174, at 4 n.2. The Court notes that Defendants did not object to the report and recommendation on the basis of the implicit jurisdictional ruling; Defendants merely noted that they had raised such challenges. Defendants' opposition to Loraso's objection "only addresses the purported substantive objections asserted by Loraso." R. Doc. No. 174, at 4 n.2.
[8] The report and recommendation notes Defendants' arguments relative to jurisdiction, R. Doc. No. 172, at 5, but it resolves the motion on its merits, thereby finding (though not explicitly) that that the Court has jurisdiction over the motion.
[9] R. Doc. No. 181.
[10] *See* R. Doc. No. 182.
[11] *See* R. Doc. No. 183.

reasonable time. The Court retains jurisdiction for all purposes, including enforcing the settlement agreement entered into by the parties."[12]

Defendants' jurisdictional argument is premised on their assertion that the September 16, 2008 order of dismissal "only purported to retain jurisdiction [over] the case to allow for judicially-enforced consummation of the agreed-to settlement 'within a reasonable time,'" and that this "'reasonable time' expired long ago and with it the Court's jurisdiction to entertain Loraso's Motion."[13] Although subsequent dismissals with prejudice were entered in this matter,[14] the parties agree that they are not relevant here because "no such dismissal motion was ever filed in conjunction with the Settlement" or against the parties presently before the Court, and no dismissal with prejudice was entered.[15]

The language of the September 16, 2008 order is clear: the Court "retains jurisdiction *for all purposes, including enforcing the settlement agreement* entered into by the parties," without any time limitation.[16] The time limitation only applies to motions "to reopen the action" or "to seek summary judgment" in the event that the "settlement is not consummated within a reasonable time."[17] Although Defendants argue that the Court could not have possibly intended to retain jurisdiction "*ad infinitum*,"[18] this assertion finds no support in the language of the

---

[12] R. Doc. No. 147, at 1.
[13] R. Doc. No. 162, at 9.
[14] R. Doc. Nos. 150, 152.
[15] R Doc. No. 183, at 4; *see also* R. Doc. No. 182, at 17-19.
[16] R. Doc. No. 147, at 1 (emphasis added)
[17] R. Doc. No. 147, at 1.
[18] R. Doc. No. 183, at 5 (citing *Brass Smith, LLC v. RPI Indus., Inc.*, 827 F. Supp. 2d 377, 379 (D.N.J. 2011) ("Retention of indefinite jurisdiction, however, raises important questions regarding the limits of federal judicial authority.")). In *Brass Smith*, the court decided not to approve the parties' stipulated order of dismissal that provided for an indefinite retention of jurisdiction over the settlement agreement. 827 F. Supp. 2d at 379. The court exercised its discretion to "decline to extend its jurisdiction indefinitely" and directed the parties to file an

September 16, 2008 order. Because the Court explicitly retained jurisdiction over the settlement agreement, the Court has the authority to adjudicate Loraso's motion in order "to protect its proceedings and vindicate its authority." *See Kokkonen*, 511 U.S. at 380-81.

To the extent that the Court has the discretion to decline jurisdiction,[19] the Court exercises such discretion to assert its jurisdiction and to decide Loraso's motion.

Accordingly, for the reasons stated in the U.S. Magistrate Judge's report and recommendation,

**IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, October 2, 2014.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

amended order "if the parties wish the Court to retain ancillary jurisdiction under reasonable terms and for a reasonable time." *Id.* at 383-84.

Defendants also cite a pre-*Kokkonen* decision, *McCall-Bey v. Franzen*, 777 F.2d 1178 (5th Cir. 1985). The Seventh Circuit ultimately came to a conclusion that is very similar to *Kokkonen*'s holding: "There must be a deliberate retention of jurisdiction, as by issuing an injunction or *stating that jurisdiction is retained for a particular purpose*. . . . In this case, however, we have found that the district judge did deliberately retain jurisdiction . . . ." *Id.* at 1190 (emphasis added).

[19] R. Doc. No. 183, at 6-7 (citing *Arata v. Nu Skin Int'l, Inc.*, 96 F.3d 1265, 1268-69 (9th Cir. 1996)); *see also Chisom v. Jindal*, 890 F. Supp. 2d 696, 711 (E.D. La. 2012) (Morgan, J.) ("Exactly how a court should enforce and protect its orders is an issue largely left to the discretion of the court entering the order, so long as that discretion is exercised reasonably.").